| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Prober & Raphael, A Law Corporation<br>Lee S. Raphael, Esq., BAR ID: 180030<br>Cassandra J. Richey, Esq., BAR ID: 155721<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, California 91364<br>Telephone # (818) 227-0100<br>Fax #  (818) 227-0101<br>cmartin@pprlaw.net<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without attorney* | **FILED & ENTERED**<br><br>**FEB 08 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY mcdonald DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>SUSAN K. BEEMAN<br><br><br><br><br><br><br><br>Debtor. | CASE NO.: 6:10-bk-41809-DS<br><br>CHAPTER: **7**<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: January 12, 2011<br>TIME: 8:30 a.m.<br>COURTROOM: 304<br>PLACE: U.S. Bankruptcy Court<br>             3420 Twelfth Street<br>             Riverside, California |

**(MOVANT:** U.S. BANK, N.A., SUCCESSOR IN INTEREST TO THE FDIC AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, FA**)**

1. The Motion was:    ☐ Opposed         ☒ Unopposed         ☐ Settled by stipulation

2. The Motion affects the following real property ("Property"):

    *Street Address:*        **2051 Hopi Avenue**
    *Unit Number:*
    *City, State, Zip Code:*    **South Lake Tahoe, California 96150**

    Legal description or document recording number (including county of recording):
    THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF EL DORADO, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

    LOT 24, OF TAHOE PARADISE, FILED JULY 22, 1955 IN BOOK B, OF MAPS AT PAGE 58, EL DORADO COUNTY RECORDS.
    APN: 034-294-02-100
        ☐ See attached page

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant shall not conduct a foreclosure sale before the following date (specify): _____

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.
    b. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-10-ER).
    d. ☒ See attached continuation page for additional provisions.

# # #

DATED: February 8, 2011

United States Bankruptcy Judge

Continuation Page

**10.d.** BY VIRTUE OF THE ENTRY OF THIS ORDER, THE BORROWER'S(S') BANKRUPTCY PROCEEDINGS HAVE BEEN FINALIZED WITH REGARD TO THE SUBJECT PROPERTY WITHIN THE MEANING OF CALIFORNIA CIVIL CODE SECTION 2923.5(h)(3).

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*    Page 3    **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER ON ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 01/24/2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@ecf.epiqsystems.com
Manfred Schroer schrolaw@sbcglobal.net
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Lee S. Raphael cmartin@pprlaw.net

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                        Page 4                                        **F 4001-1.ORDER.RP**